UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL ESPINOZA,<br><br>Defendant. | NO. CR-09-2022-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** |

Before the Court is Defendant's Motion for Judgment of Acquittal (Ct. Rec. 90). This motion was heard without oral argument.

After a jury trial on September 21, 2009, Defendant was convicted of being a Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). After the close of the Government's case-in-chief, Defendant moved for a judgment of acquittal, which the Court took under advisement. Defendant now renews his motion under Fed. R. Crim. Pro. 29(c)(1), arguing that the Government did not present sufficient evidence to prove that Defendant knowingly possessed the firearm in question.

Rule 29 provides that a judgment of acquittal must be entered if the "evidence is insufficient to sustain a conviction." Doing so requires the Court to "review the evidence presented against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hernandez-Herrera,* 273 F.3d 1213, 1218 (9th Cir. 2001) (quoting *United States v.*

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** * 1

*Neill*, 166 F.3d 943, 948 (9th Cir. 1999). Accordingly, any conflicting evidence must be resolved in favor of the government. *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir. 2000).

A conviction under 18 U.S.C. § 922(g)(1) requires a jury to find that a defendant had "knowing possession" of the firearm. Knowing possession requires that a defendant be aware of the presence of a firearm and be able to exercise control over the weapon. *United States v. Cain,* 130 F.3d 381, 382 (9th Cir. 1997). Possession can either be actual or constructive. *United States. v. Chambers*, 918 F.2d 1455, 1457 (9th Cir. 1990). A showing of constructive possession still requires that the Government demonstrate a "sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control" over the firearm. *United States v. Gutierrez,* 995 F.2d 169, 171 (9th Cir. 1993). Mere proximity of the defendant to the firearm is not sufficient to impute knowing possession. *Id.* at 171. However, "testimony that the defendant may have placed something in the spot where the police later found the weapon can support a finding of possession." *Id*. (quoting *United States v. Flenoid*, 718 F.2d 867, 868 (8th Cir. 1983).

In the instant case, an officer testified that he observed Defendant seated in the passenger seat of a car. As the officer approached, he observed Defendant bend at the waist and reach towards a black bag on the floorboard of the vehicle. The officer ordered Defendant to stop and put up his hands; Defendant briefly complied before again reaching towards the black bag. The officer then removed Defendant from the vehicle, and a second officer later found the handgun at issue underneath the black bag.

Defendant argues that this evidence establishes only Defendant's presence near the gun, not the required "nexus" between Defendant and the gun, citing *United States v. Bailey*, 553 F.3d 940 (6th Cir. 2000), and *United States v. Nevils*, 548 F.3d 802 (9th Cir. 2008). The Government argues that the facts of the instant

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** * 2

case are similar to those of *Gutierrez*, in which the court upheld a jury's guilty verdict over a defendant's challenge to the sufficiency of evidence. 995 F.2d at 172. The Government also points out that the Ninth Circuit will rehear *Nevils en banc*, and therefore the decision has no precedential value at the present time. *United States v. Nevils*, 570 F.3d 1123 (9th Cir. 2009).

In *Bailey*, the Sixth Circuit held that there was insufficient evidence to "to establish that Bailey had direct physical control over the firearm" located beneath the seat of his car. 553 F.3d at 944. Bailey testified that he was unaware of the presence of the gun, and the Government "did not advance any evidence establishing constructive possession beyond the fact that Bailey drove the car in which the gun was found." *Id.* at 946.

The Court agrees with the Government that *Bailey* is distinguishable from the facts of the instant case, which are materially indistinguishable from the facts of *Gutierrez*. There, the Government presented officers' testimony that before pulling over the car in which Gutierrez was a passenger, they observed Gutierrez making "furtive" movements towards the location in which a gun was later found. 995 F.2d at 172. Similarly, here the jury heard and credited testimony that Defendant twice made movements directly towards the precise location in which a gun was later found. As in *Gutierrez*, the Court finds this to be "ample evidence" to support the jury's finding. *Id.*

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment of Acquittal (Ct. Rec. 90) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 22nd day of October, 2009.

                        s/Robert H. Whaley
                        ROBERT H. WHALEY
                    United States District Judge

Q:\CRIMINAL\2009\Espinoza, Miguel\deny.acquit.ord.wpd

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** * 3